O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case  No. CV 15-8511 AJW |
| | ) | |
| v. | ) | MEMORANDUM OF DECISION |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

## Administrative Proceedings

The procedural facts are summarized in the joint stipulation. [See JS 2].  In a written hearing decision that constitutes the Commissioner's final decision in this matter, the Administrative Law Judge ("ALJ") concluded that plaintiff was not disabled because her residual functional capacity ("RFC") did not preclude her from performing alternative jobs available in significant numbers in the national economy. [JS 2; Administrative Record ("AR") 10-18].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

Plaintiff contends that the ALJ erred in finding that plaintiff could perform the alternate jobs identified by the vocational expert ("VE") because the requirements of those jobs as described in the Dictionary of Occupational Titles ("DOT") are inconsistent with her RFC. [See JS 2-5].

At step five of the sequential evaluation process[1], the Commissioner has the burden of establishing, through the testimony of a VE or by reference to the Medical-Vocational Guidelines, that the claimant can perform alternative jobs that exist in substantial numbers in the national economy. Bruton v. Massanari, 268 F.3d 824, 827 n.1 (9th Cir. 2001). "Where the testimony of a VE is used at step five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy." Osenbrock v. Apfel, 240 F.3d 1157, 1162-1163 (9th Cir. 2001).

---

[1]   The five-step sequential analysis applicable to disability determinations examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

The Commissioner relies primarily on the DOT for "information about the requirements of work in the national economy." Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007) (quoting Social Security Ruling ("SSR") 00-4p, 200 WL 1898704, at *2)). There is a rebuttable presumption that the information in the DOT and its supplementary Selected Characteristics is controlling. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995); Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986). The Commissioner "also uses testimony from vocational experts to obtain occupational evidence." Massachi, 486 F.3d at 1153.

An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether that testimony conflicts with the DOT. Massachi, 486 F.3d at 1152. Neither the DOT nor the VE's testimony "automatically trumps when there is a conflict." Massachi, 486 F.3d at 1153 (footnote omitted). If an apparent conflict exists, the ALJ must obtain an explanation for it, determine whether the VE's explanation is reasonable, decide whether a basis exists for relying on the VE rather than on the DOT, and explain how he or she resolved the conflict. Massachi, 486 F.3d at 1152-1153; see SSR 00-4p, 2000 WL 1898704, at *2-*4. This procedural requirement "ensure[s] that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the [DOT]." Massachi, 486 F.3d at 1153.

The ALJ found that plaintiff retained the RFC to perform light work except that: (1) she can only be on her feet two hours in an eight-hour workday, in 30-minute intervals; (2) she requires use of a cane for walking; (3) postural activities are limited to no more than "frequent"; and (4) she requires an environment with no more air pollutants than found in an air-conditioned environment. [AR 13].

In response to the ALJ's hypothetical question positing an individual with those limitations, the VE testified that such a person could perform the DOT jobs of "cashier II" (DOT job number 211.462-010) and "small products assembler I" (DOT job number 706.684-022). [AR 38-39]. The VE also testified that she "erode[d] the number of" cashier II jobs available to such a person by 75% and the number of small products assembler I jobs available by 80%, leaving 50,000 cashier II positions and 7,200 small products assembler I positions available nationally. [AR 39]. The ALJ asked the VE if her testimony was consistent with the DOT. The VE replied that "the erosion is based on factors that the DOT doesn't address, such as position change, need for a cane; and my testimony is based on my own experience with respect to those factors." [AR 39]. The ALJ asked, "And what's not in the DOT is the use of a cane; is that right?" The

1  VE answered, "The cane and the position change at a 30-minute interval." [AR 39].  The ALJ relied on the

2  VE's testimony to find plaintiff not disabled at step five. [AR 17-18].

3         Plaintiff contends that a conflict exists between the VE's testimony and the DOT because the DOT

4  classifies the jobs of cashier II and small products assembler I as light work, and plaintiff's limitation to

5  being on her feet only two hours a day for 30 minute intervals restricts her to sedentary work. Plaintiff

6  argues that while the VE eroded the available job numbers to take into account plaintiff's need to change

7  positions and to use a cane for walking, she did not erode the job numbers to account for plaintiff's ability

8  to stand and walk for no more than two hours a day. [JS 4-5].  In other words, plaintiff contends that an

9  unresolved conflict exists between the VE's testimony and the DOT because the VE did not explain how

10  a person who cannot be on her feet no more than two hours during a workday can perform two jobs

11  classified as "light" in the DOT.[2]

12         As defined by the Commissioner and the DOT, light work

13         involves lifting no more than twenty pounds at a time with frequent lifting or carrying of

14         objects weighing up to ten pounds. Even though the weight lifted may be very little, a job

15         is in this category when it requires a good deal of walking or standing, or when it involves

16         sitting most of the time with some pushing and pulling of arm or leg controls.  To be

17         considered capable of performing a full or wide range of light work, you must have the

18         ability to do substantially all of these activities.

19  20 C.F.R. §§ 404.1567(b), 416.967(b); see SSR 83-10, 1983 WL 31251, at *5-*6; see also DICOT[3] 211.461-

20  010, 1992 WL 671840; DICOT 706.684-022, 1991 WL 679050 (stating a job should be rated light work

21  even when the weight lifted is "negligible": "(1) when it requires walking or standing to a significant

22

23

24         [2]     Defendant construed plaintiff's argument in this manner after observing that "it is unclear
if Plaintiff is challenging both the limitation to standing/walking for 2 hours and the limitation to
25  standing/walking in 30-minute intervals." [JS 5-6].  Since plaintiff's argument is ambiguous, and
since defendant's construction of her argument is reasonable and was not challenged by plaintiff in
26  her reply [see JS 5-6, 13], the Court adopts defendant's construction and addresses only the
contention that the VE's testimony created an unresolved conflict arising from plaintiff's inability
27  to stand and walk for more than two hours in a workday.

28         [3]     "DICOT" is the abbreviation used on Westlaw to refer to the DOT.

4

degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.").

The DOT states that the demands of a cashier II job include receiving cash payments and recording amounts received; computing bill, itemized lists, and tickets showing amount due; using a cash register or adding machine; making change; cashing checks; issuing receipts or tickets; preparing reports of transactions; reading and recording cash register tape totals; and verifying such totals against cash on hand. A cashier II also "may" operate a ticket-dispensing machine,  a cash register with peripheral electronic data processing equipment that requires scanning price-coded items, or a computer that requires pressing numeric keys to reset gasoline pumps and record gasoline purchases. DICOT 211.461.010, 1992 WL 671840.

The DOT states that a small products assembler I "[p]erforms any combination of following repetitive tasks on assembly line to mass produce small products":

> Positions parts in specified relationship to each other, using hands, tweezers, or tongs. Bolts, screws, clips, cements, or otherwise fastens parts together by hand or using handtools or portable powered tools. Frequently works at bench as member of assembly group assembling one or two specific parts and passing unit to another worker. Loads and unloads previously setup machines, such as arbor presses, drill presses, taps, spot-welding machines, riveting machines, milling machines, or broaches, to perform fastening, force fitting, or light metal-cutting operation on assembly line. May be assigned to different work stations as production needs require or shift from one station to another to reduce fatigue factor. May be known according to product assembled.

DICOT 706.684-022, 1991 WL 679050.

The VE indicated that her testimony was consistent with the DOT except for the erosion in job numbers resulting from two limitations not reflected in the DOT, use a cane for walking and changing positions at 30 minute intervals.  The ALJ asked her clarify "what's not in the DOT," and she confirmed that the DOT did not take into account using a cane or changing positions at 30-minute intervals. [AR 39].

The VE's testimony creates a reasonable inference that the DOT's classification of the jobs of

cashier II and small products assembler I as "light" does not mean that they cannot generally be performed with a limitation to no more than two hours of standing and walking in a workday. See Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997) (noting that the ALJ may draw inferences "from the context of the [vocational] expert's testimony"). That conclusion is not inconsistent with the definition of light work, which allows for the possibility that some jobs classified as "light" involve "sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator," "working at a production rate pace entailing constant pushing and/or pulling of materials," or otherwise can be performed by someone who is limited to less than the "full range" of light work. SSR 83-10, 1983 WL 31251, at *5; DICOT 211.461.010, 1992 WL 671840; see SSR 00–4P, 2000 WL 1898704, at *3 ("The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A [vocational expert] . . . may be able to provide more specific information about jobs or occupations than the DOT.").

Moreover, nothing in the DOT narrative job descriptions for the jobs of cashier II and small products assembler I compels the conclusion that a limitation to two hours of standing or walking in a workday generally would preclude performance of those jobs. See Ortiz v. Colvin, 2014 WL 7149544, at *4 (C.D. Cal. Dec. 15, 2014) (stating that "SSR 83–10 does not require six hours of standing and/or walking for all jobs classified as light work, it merely describes the activities that would be required of a person that is able to perform the full range of light work," and finding no inconsistency between the VE's testimony and the DOT where the VE reduced the number of jobs available to an individual with the limitations posited by the ALJ and the VE testified that her testimony was consistent with the DOT); see also Wester v. Colvin, 2015 WL 4608139, at *6 (C.D. Cal. July 31, 2015) (stating that "[c]ourts have rejected claims based on conflict" at step five "when a DOT description does not, on its face, conflict with the claimant's RFC if the VE's testimony or the tasks described by the DOT confirm that the job would accommodate the claimant's limitations"). Accordingly, the ALJ permissibly found that no conflict existed between the VE's testimony and the DOT.

///

**Conclusion**

For the reasons described above, the Commissioner's decision is supported by substantial evidence and is free of legal error.  Accordingly, the Commissioner's decision is **affirmed**.

**IT IS SO ORDERED.**

August 18, 2016

_____
ANDREW J. WISTRICH
United States Magistrate Judge